UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

**Shuangfen, Liu,**

and

**Guangai, Xiong,**

       Plaintiffs,

  vs

**Ni, Kong Feng,**
2210 Catalpa Road
Madison Wl, 53713

**Fugu Eastern Cuisine, Inc.,**
2935 S. Fish Hatchery Rd. Ste. 186
Madison Wl, 53711

and

**Ni's American Goldfinch Asian
Cuisine Group, Inc.,**
5265 Summer Ridge Dr. Catalpa Road
Madison Wl, 53704

       Defendants.

**Case No**.

---

## COMPLAINT

---

Plaintiffs, Liu Shuangfen and Xiong Guangai, by their attorneys, Levine Lyon LLP, hereby present their Complaint against Defendants and state as follows:

INTRODUCTION

1.    This is an individual action under the Fair Labor Standards Act ("FLSA"), and an individual action under Wisconsin law by Plaintiffs, former employees of Defendants' Fugu

1

Asian Fusion Restaurant, to seek redress for Defendants' failure to pay minimum wage and overtime, retaliation against Plaintiffs for asserting their rights under the FLSA, and Fraud.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* The Court has subject matter jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C. § 1391, because Defendant is located in this district and because events giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiffs are Chinese Foreign Nationals who were, within the three years preceding the filing of this lawsuit, employed at Fugu Asian Fusion.

5. Defendant Kong Feng Ni is a resident of Madison, Wisconsin, and on information and belief is the owner of Fugu Eastern Cuisine, Inc., and Ni's American Goldfinch Asian Cuisine Group, Inc.

6. Defendant Fugu Eastern Cuisine, Inc., whose registered agent and majority owner and director is Kong Feng Ni, is a Wisconsin Corporation with a delinquent status as of 07/01/2015.

7. Defendant Ni's American Goldfinch Asian Cuisine Group, Inc., whose registered agent and majority owner and director is Kong Feng Ni, is a Wisconsin Corporation with a delinquent status as of 01/01/2017.

8. Defendants, upon information and belief, either collectively or individually, are the owners of Fugu Asian Fusion, a restaurant located at 411 W Gilman St, Madison, WI 53703.

9. Defendants are "employers" within the meaning of 29 U.S.C. § 203(d).

10. Defendants did "employ" plaintiffs within the meaning of 29 U.S.C. § 203(g).

**FACTUAL ALLEGATIONS**

11. Upon information and belief, in February of 2017, Mr. Ni contacted Chicago Xingxing Employment Agency ("Xingxing"), located at 2308 S. Wentworth Ave. Chicago, IL 60616, in search of two employees to work in the kitchen of Defendants' restaurant.

12. Plaintiffs were contacted in February of 2017 by Defendant, Mr. Ni, through the intermediary of Xingxing Employment Agency.

13. On February 22, 2017, the parties entered into an oral contract ("the Contract") which stated that, in exchange for room and board and monthly wages, Plaintiffs would work open-to-close shifts in the kitchen of Defendants' restaurant.

14. The Contract stated that Plaintiff Liu's monthly wage would be $3,500 and Plaintiff Xiong's monthly wage would be $4,500.

15. On February 22, 2017, pursuant to the Contract, Plaintiffs began lodging at Mr Ni's property, which is located at 2210 Catalpa Road Madison Wl, 53713.

16. On February 23, 2017, pursuant to the Contract, Plaintiffs began working at Defendants' restaurant.

17. From February 23, 2017 to April 2, 2017, Plaintiffs worked open-to-close shifts at Defendants' restaurant, every day, for a total of 39 days.

18. For the full course of Plaintiffs' employment, Defendants' restaurant was open for business Monday through Saturday from 11:00a.m. to 10:00 p.m., and Sunday from 12:00 p.m.

to 9:30 p.m.

19. Each open-to-close shift worked by Plaintiffs included work for all hours in which the Defendants' restaurant was open, as well as an additional hour to prepare for opening and complete closing of the restaurant.

20. During the course of employment for the Defendants, Plaintiffs each worked 475.5 hours, for a total of 951 hours, at Defendants' restaurant. Upon information and belief, Defendants have failed to maintain records of the Plaintiffs' hours worked and thus the Defendants bear the burden of disproving Plaintiffs' estimated hours worked. *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687-88 (1946).

21. On April 3, 2017, Defendant Mr. Ni terminated Plaintiffs' employment by verbal notice.

22. Mr. Ni declined to pay Plaintiffs their owed wages for the 39 days of employment, stating that he did not possess the funds.

23. Mr. Ni further informed Plaintiffs that he was legally unable to pay Plaintiffs their earned wages because Plaintiffs had not paid income taxes, despite the fact that Plaintiffs had not yet received any wages from which they could pay income taxes.

24. Mr. Kong further informed Plaintiffs that he was not legally bound to pay Plaintiffs their earned wages because he was dissatisfied with Plaintiffs' work.

25. On April 7, 2017, Plaintiffs informed Mr. Ni that they had contacted an attorney to seek legal redress for wage theft.

26. On April 7, 2017, Mr. Ni, through his fiancé and agent, Julie Collins-Ni, served Plaintiffs with a 5-Day Notice to Correct or Vacate ("Eviction Notice").

27. The Eviction Notice claimed that Plaintiffs owed Defendant $2,014 in back rent.

28. On April 14, 2017, Mr. Ni, without Court Order, shut off the electricity to Plaintiffs' apartment, which constituted a constructive eviction.

29. To date, Defendants have not compensated Plaintiffs with any wages for Plaintiffs' combined 951 hours worked at Defendants' restaurant.

FIRST CLAIM FOR RELIEF
FAILTURE TO PAY OVERTIME AND MINIMUM WAGE
COMPENSATION IN VIOLATION OF THE FLSA

30. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

31. The FLSA requires that employers compensate employees at a rate not less than the federal minimum wage for all hours worked. 29 U.S.C. § 206.

32. The FLSA requires that employers compensate employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per workweek. 29 U.S.C. § 207.

33. During the applicable statute of limitations, Plaintiffs performed work at Defendants' restaurant in excess of 40 hours per week without receiving overtime compensation and worked hours for which they received less than the federal minimum wage.

34. Plaintiffs were not entitled to a "tip credit" under FLSA29 U.S. Code § 203(m) because Plaintiffs did not receive tips, Defendants never notified or informed Plaintiffs of a tip credit provisions, and Defendants failed to maintain records of tips received or allowances taken.

35. By failing to pay Plaintiffs any wages for their 951 hours or work, Defendants violated the FLSA including, but not limited to, 29 U.S.C. §§ 206 and 207.

36. Defendants knew or showed reckless disregard for the fact that he failed to pay Plaintiff minimum wage and overtime compensation in violation of the FLSA.

37. The chart below depicts the hours individually worked by each Plaintiff and the wages earned under 29 U.S.C. § 206 and 29 U.S.C. § 207:

| Date | Hours Worked at Minimum Wage | Hours Worked at Overtime Wage |
|---|---|---|
| **Week 1** | | |
| 2/23/17 | 12.5 | 0 |
| 2/24/17 | 12.5 | 0 |
| 2/25/17 | 12.5 | 0 |
| **Week 2** | | |
| 2/26/17 | 10.5 | 0 |
| 2/27/17 | 12.5 | 0 |
| 2/28/17 | 12.5 | 0 |
| 3/1/17 | 4.5 | 8 |
| 3/2/17 | 0 | 12.5 |
| 3/3/17 | 0 | 12.5 |
| 3/4/17 | 0 | 12.5 |
| **Week 3** | | |
| 3/5/17 | 10.5 | 0 |
| 3/6/17 | 12.5 | 0 |
| 3/7/17 | 12.5 | 0 |
| 3/8/17 | 4.5 | 8 |
| 3/9/17 | 0 | 12.5 |
| 3/10/17 | 0 | 12.5 |
| 3/11/17 | 0 | 12.5 |
| **Week 4** | | |
| 3/12/17 | 10.5 | 0 |
| 3/13/17 | 12.5 | 0 |
| 3/14/17 | 12.5 | 0 |
| 3/15/17 | 4.5 | 8 |
| 3/16/17 | 0 | 12.5 |
| 3/17/17 | 0 | 12.5 |
| 3/18/17 | 0 | 12.5 |
| **Week 5** | | |
| 3/19/17 | 10.5 | 0 |
| 3/20/17 | 12.5 | 0 |
| 3/21/17 | 12.5 | 0 |
| 3/22/17 | 4.5 | 8 |

| | | |
|---|---|---|
| 3/23/17 | 0 | 12.5 |
| 3/24/17 | 0 | 12.5 |
| 3/25/17 | 0 | 12.5 |
| Week 6 | | |
| 3/26/17 | 10.5 | 0 |
| 3/27/17 | 12.5 | 0 |
| 3/28/17 | 12.5 | 0 |
| 3/29/17 | 4.5 | 8 |
| 3/30/17 | 0 | 12.5 |
| 3/31/17 | 0 | 12.5 |
| 4/1/17 | 0 | 12.5 |
| Week 7 | | |
| 4/2/17 | 10.5 | |
| | **Ms. Liu - Total Hours - Minimum Wage** | **Ms. Liu - Total Hours Overtime** |
| | 248 | 227.5 |
| | **Mr. Xiong - Total Hours - Minimum Wage** | **Mr. Xiong - Total Hours - Overtime** |
| | 248 | 227.5 |
| | **Paintiffs - Total Hours - Minimum Wage** | **Paintiffs - Total Hours - Overtime** |
| | 496 | 455 |
| | **Paintiffs - Total Wages - Minimum Wage** | **Paintiffs - Total Wages - Overtime** |
| | $3,596.00 | $4,948.13 |
| | **TOTAL UNPAID WAGES** | |
| | $8,544.13 | |

SECOND CLAIM FOR RELIEF<br>FAILTURE TO PAY OVERTIME AND MINNIMUM WAGE<br>COMPENSATION IN VIOLATION OF WISCONSIN LAW

38. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

39. The foregoing conduct, as alleged, violates Wis. Stat. §§ 103.03, 104.02, 109.03, and Wis. Admin. §§ DWD 27203 and 274.03.

40. At all relevant times, Defendants were "employers" within the meaning of Wis. Stat. §§ 103.001, 104.01, and 109.01(2).

41. At all relevant times, Plaintiffs were Defendants' employees within the meaning of Wis. Stat. §§ 103.001(5), 104.01(2), and 109.01(1r).

42. Wisconsin law requires an employer to pay overtime compensation to all non-exempt employees. Wis. Stat. § 103.02; Wis. Admin. § DWD 274.03.

43. Wisconsin law requires employers to pay employees at least the minimum wage for all hours worked. Wis. Stat. § 104.03; Wis. Admin § DWD 272.03.

44. Wisconsin law requires employers to pay employees all wages earned by a day not more than 31 days prior to the date of payment. Wis. Stat § 109.03.

45. Plaintiffs are not exempt from the minimum wage and overtime pay requirements of Wisconsin Law.

46. During the applicable statute of limitations, Defendants failed and refused to pay minimum wages and overtime to Plaintiffs for all hours worked.

47. As a result of Defendants' willful failure to pay overtime and minimum wages earned to Plaintiffs, Defendants have violated Wis. Stat. §§ 103.03, 104.03, 109.03, and Wis. Admin. Code §§ DWD 272.03 and 274.03.

### THIRD CLAIM FOR RELIEF
### RETALIATION AGAINST PLAINTIFFS FOR EXERCISING
### RIGHTS SECURED UNDER FLSA

48. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

49. The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint…related to" FLSA provisions. 29 U.S.C. § 215(a)(3).

50. "Filed any complaint" includes oral as well as written complaints within its

scope, so long as the complaint is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011).

51. By contacting an attorney to assist in asserting their rights under the FLSA, Plaintiffs engaged in a protected activity.

52. Mr. Ni evicted Plaintiffs because Plaintiffs asserted their right to engage in this protected activity.

53. Mr. Ni's eviction of Plaintiffs, who were lodging in Defendants' property pursuant to an employment agreement as a means of compensation for work performed, was a materially adverse employment action.

54. By evicting Plaintiffs, Mr. Ni intentionally discriminated against Plaintiffs because of Plaintiffs' exercise of rights secured by the FLSA, and Mr. Ni thereby engaged in conduct which violates the FLSA. 29 U.S.C. § 215(a)(3).

FOURTH CLAIM FOR RELIEF
FRAUD

55. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

56. The elements of fraud are: (1) a false representation; (2) made with intent to defraud; and (3) justifiable reliance on the misrepresentation by the injured party. *Ritchie v. Clappie*r, 109 Wis. 2d 399, 404, 326 N.W.2d 131 (Ct. App. 1982).

57. Mr. Ni falsely represented to Plaintiffs that he:

    a. would pay Plaintiffs monthly wages in exchange for labor;

    b. would provide room and board, at no charge, in exchange for labor;

      c.      could not pay Plaintiffs their wages until Plaintiffs first paid him income taxes out of Plaintiffs' pocket.

      d.      was not obligated to pay Plaintiffs for their 880 hours of work because he was dissatisfied with their work.

      e.      was owed $2,014 in back rent, contrary to the Parties' Contract.

58.      Mr. Ni made the above-stated false representations with the intent to defraud Plaintiffs of their wages.

59.      Plaintiffs justifiably relied on Mr. Ni's false representations, performed services for Defendants, and were injured based on this reliance.

60.      Fraud is an act of willful misconduct.

61.      Directors and officers of Nonstock Corporations are not entitled to limited liability protection when they engage in willful misconduct. Wis. Stat. § 181.287 (1)(d).

62.      Plaintiffs pursuing damages are entitled to pierce the corporate veil when: (1) an owner has complete control over finances, policy, and business practices in respect to the transaction attacked so that the corporate entity had no separate mind, will, or existence of its own at the time of the attacked transaction; (2) such control was used to commit fraud in contravention of the Plaintiff's rights; and (3) the control and breach of duty proximately causes the injury of which the Plaintiffs complain.

63.      Mr. Ni had complete control over the finances, policies, and business practices of both Fugu Eastern Cuisine, Inc. and Ni's American Goldfinch Asian Cuisine Group, Inc., at the time of the events giving rise to this claim, so that these two corporate entities had no separate mind, will, or existence of their own at the time of the attacked transaction.

64. Upon information and belief, Mr. Ni has comingled his personal assets with both Fugu Eastern Cuisine, Inc. and Ni's American Goldfinch Asian Cuisine Group, Inc. at the time of the events giving rise to this claim.

65. Mr. Ni used his complete control over Fugu Eastern Cuisine, Inc. and Ni's American Goldfinch Asian Cuisine Group, Inc. to commit fraud in contravention of the Plaintiffs' rights.

66. Mr. Ni's control and breach of duty proximately caused the injuries of which the Plaintiffs complain.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Court order the following relief:

A. An order finding the Defendants violated the FLSA;

B. An order finding the Defendants violated Wisconsin wage and hours laws;

C. An order finding that these violations were willful;

D. An order finding that Defendant Kong Feng Ni in his individual capacity shares liability for the injuries caused by his limited liability business entities;

D. Judgment against Defendants in the amount of the $8,544.13 of unpaid wages owed to Plaintiffs under the FLSA;

E. An award in the amount of all liquidated damages and penalties as provided under 29 U.S.C. § 216(b);

F. An award in the amount of all costs and reasonable attorney's fees incurred in prosecuting these claims pursuant to 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6);

G. An award for any additional compensatory damages and for any punitive damages;

H. Such further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Respectfully submitted this 24th day of May, 2017.

                                                    Levine Lyon LLP
                                                    Attorneys for Plaintiff

                                                    s/ Jeremy B. Lyon
                                                    Wis. Bar No. 1094374
                                                    14 West Mifflin Street, Suite 206
                                                    Madison, WI 53703
                                                    (888) 367-8198 (Telephone)
                                                    (608) 268-8607 (Facsimile)
                                                    jeremy@levinelyon.com