IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
--------------------------------------------------------------

SHUANGFEN LIU and GUANGAI XIONG,

                        Plaintiffs,                    ORDER AND ENTRY
                                                OF DEFAULT JUDGMENT
    v.

                                                      17-cv-399-wmc
KONGFENG NI, FUGU EASTERN CUISINE,
INC. and NI'S AMERICAN GOLDFINCH
ASIAN CUISINE GROUP, INC.,

                        Defendants.
--------------------------------------------------------------

      Consistent with an in-person hearing on plaintiffs' motion for default judgment (dkt. #8), the court will now enter judgment granting plaintiffs: $17,088.26 in statutory damages for unpaid federal minimum wage and overtime due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); $17,088.26 in punitive damages for FLSA retaliation; and $12,695 in attorneys' fees and costs consistent with the findings and conclusions set forth below.

BACKGROUND

      Plaintiffs Shaungfen Liu and Guangai Xiong filed this action against defendants Kongfeng Ni, Fugu Eastern Cuisine Inc. and Ni's American Goldfinch Asian Cuisine Group, Inc., alleging violations of the FLSA for defendants' failure to pay minimum wage and overtime and for Ni's retaliatory actions. The clerk of court entered default against

defendants on July 5, 2017, after they failed to answer or otherwise appear in this lawsuit despite having been served. (Dkt. #6.)

On July 25, 2017, plaintiffs filed their motion for default judgment and supporting materials, which their counsel also mailed to Ni at the address where he had earlier been served personally. The court held an in-person hearing on plaintiffs' motion for default judgment on August 23, 2017, at which plaintiffs appeared by counsel and defendants again failed to appear.

OPINION

The court accepts the basic facts as pled in plaintiff's complaint in light of defendants' default. See *Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014) (upon default judgment, "allegations in the complaint relating to liability are true"). Based on plaintiffs' submissions, as well as counsel's statements at the hearing, the court makes the following findings of fact and conclusions of law.

1. Defendant Kongfeng Ni is the owner of Fugu Eastern Cuisine, Inc., and Ni's American Goldfinch Asian Cuisine Group, Inc.

2. Plaintiffs entered into separate agreements with Ni by which they would each work open-to-close shifts at his restaurant in Madison, Wisconsin, in exchange for monthly wages, as well as room and board at a property he owned in Madison.

3. Plaintiffs each worked 39 days, each for a total of 248 hours at minimum wage and 227 and a half hours of overtime, for which they received no wages from defendants.

4. Mr. Ni informed plaintiffs verbally that he was terminating their employment on April 3, 2017, and that he was not going to pay them any wages because he did not have the money to do so and because plaintiffs were required by law to pay income taxes before receiving any wages.

5. Plaintiffs informed Mr. Ni on April 7, 2017, that they had contacted an attorney to pursue an unpaid wage claim against him.  Later that same day, he served them with an eviction notice stating, contrary to their earlier agreement, that plaintiffs owed $2,014 in back rent.

6. On April 14, 2017, Mr. Ni constructively evicted plaintiffs by shutting off the electricity in their apartment.

7. Pursuant to 29 U.S.C. § 216(b), each plaintiff is entitled to $4,272.07 in unpaid minimum wage and overtime compensation, as well as an equal amount in liquidated damages, totaling $8,544.14 in statutory damages per plaintiff.

8. Under Seventh Circuit law, a plaintiff who prevails on an FLSA retaliation claim may recover compensatory damages, such as damages for emotional distress, as well as punitive damages.  *See Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995); *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 111-12 (7th Cir. 1990).  There is some question here regarding the timing of plaintiffs' protected activity and Mr. Ni's actions to "discharge or in any other

manner discriminate against" plaintiffs because of that protected activity, 29 U.S.C. § 215(a)(3), since plaintiffs alleged in the complaint that Mr. Ni terminated them before being told that they had consulted an attorney to bring a claim against defendants for unpaid wages. That said, plaintiffs' allegations are sufficient to support an FLSA retaliation claim here, particularly given that their lodging at Mr. Ni's property was an intended benefit of their employment in his restaurant. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 10-11 (2011) (effective enforcement of the FLSA's protections supports a broader interpretation of the word "complaint" in its anti-retaliation provision to include oral, as well as written ones); *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173-74 (7th Cir. 2011) (Title VII's anti-retaliation provision prohibiting employers from "discriminat[ing] against any of his employees for engaging in protected conduct, without specifying the employer acts that are prohibited" goes beyond "discriminatory actions that affect the terms and conditions of employment" to "prohibit[] any employer action that well might have dissuaded a reasonable worker from making or supporting a charge of discrimination") (internal quotation marks omitted) (first alteration in original); *see also Contreras v. Corinthian Vigor Ins. Brokerage, Inc.*, 25 F. Supp. 2d 1053, 1056-59 (N.D. Cal. 1998) (holding that the plaintiff stated a viable FLSA retaliation claim when her employer reported her to the Immigration and Naturalization Service in retaliation for protected activity).

9. Plaintiffs are also entitled to pierce the corporate veil to pursue damages against Ni directly, given their allegations that he had complete control over the corporate defendants and committed fraud against them. *See Consumer's Co-op of Walworth Cty. v. Olsen*, 142 Wis.2d 465, 484, 419 N.W.2d 211 (Wis. 1988) (describing the elements for piercing the corporate veil under Wisconsin law); *Ritchie v. Clappier*, 109 Wis. 2d 399, 404 (Wis. App. 1982) (describing the elements of fraud under Wisconsin law).

10. Based on the facts as pled by plaintiffs, the court finds that punitive damages against Mr. Ni in the amount of $8,544.14 per plaintiff are reasonable and appropriate. *See, e.g., State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (a single-digit ratio between compensatory and punitive damages is likely to comport with due process).

11. Finally, after reducing fees for certain excessive hours spent in editing, finalizing and proof reading the complaint in this matter, the court finds that plaintiff is entitled to reasonable attorneys' fees of $12,200.00 and costs of $495.00 pursuant to 29 U.S.C. § 216(b).

ORDER

IT IS HEREBY ORDERED that:

1) Plaintiff Shuangfen Liu is awarded $8,544.14 in damages against defendants Kongfeng Ni, Fugu Eastern Cuisine, Inc. and Ni's American Goldfinch Asian Cuisine Group, Inc. and $8,544.14 in punitive damages against defendant Kongfeng Ni.

2) Plaintiff Guangai Xiong is awarded $8,544.14 in damages against defendants Kongfeng Ni, Fugu Eastern Cuisine, Inc. and Ni's American Goldfinch Asian Cuisine Group, Inc. and $8,544.14 in punitive damages against defendant Kongfeng Ni.

3) Plaintiffs are awarded a total amount in fees and costs of $12,695.00 pursuant to 29 U.S.C. § 216(b).

4) The clerk of court is directed to enter final judgment consistent with this order.

Entered this 5th day of September, 2017.

        BY THE COURT:

        /s/
        _____
        WILLIAM M. CONLEY
        District Judge